UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:26-cv-00104

AL CHALASHTORI,

    Plaintiff,

v.

NAPLETON ORLANDO IMPORTS, LLC,
d/b/a NAPLETON VOLKSWAGEN OF ORLANDO,
a Foreign Limited Liability Company,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Napleton Orlando Imports, LLC, d/b/a Napleton Volkswagen of Orlando ("Defendant") hereby removes this action, which is currently pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County Florida, 2025-CA-012254-O (the "State Court Action"), to the United States District Court for the Middle District of Florida, Orlando Division. In support of this Notice of Removal, Defendant states the following:

## REMOVAL STANDARD

1.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

2. Under 28 U.S.C. § 1332, federal courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states.

## PAPERS FROM REMOVED ACTION

3. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal a copy of all pleadings, orders and other papers or exhibits of every kind currently on file in the State Court Action. *See* Exhibit 1, attached hereto.

## THE REMOVAL IS TIMELY

4. Defendant was served with the State Court Action on December 17, 2025. *See* Ex. 1, Return of Service. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .").

## VENUE IS PROPER

5. Venue is proper in this Court because this action is being removed from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, and the Plaintiff resides in this District. *See* Ex. 2, Compl. at ¶ 3.

## DIVERSITY JURISDICTION

6. Plaintiff Al Chalashtori ("Plaintiff") is a resident of the State of Florida. *See* Ex. 2, Compl. at ¶ 3.

7. Defendant is an Illinois Limited Liability Company with its primary place of business in Illinois. *See* Ex. 2, Compl. at ¶ 6. As such, complete diversity exists in that Defendant and Plaintiff are citizens of different states for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

8. Plaintiff does not demand a specific amount of damages in the Complaint. Rather, Plaintiff asks for full and complete back pay and benefits; compensatory damages for emotional anguish, pain and suffering; reinstatement; and punitive damages in an amount that exceeds the jurisdictional minimum for claims filed in the Circuit Court of Orange County, which is $50,000, exclusive of interests, costs, and attorneys' fees. *See* Ex. 2, Compl. at p. 10-11.

9. Pursuant to 28 U.S.C. § 1446(c)(2)(B), where a complaint contains an unspecified demand for damages or seeks injunctive relief, the notice of removal may assert that removal is proper if the district court finds that Defendant has plausibly alleged that the amount in controversy exceeds $75,000. And, as Plaintiff expressly alleges damages in excess of $50,000, the delta is essentially establishing damages of another $25,000.

10. In *Dart Cherokee Basin Operating Co., v. Owens,* the Supreme Court explained that a defendant need only provide a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. 574 U.S. 81, 89 (2014). Only when the plaintiff or the Court questions such allegation is a defendant required to present evidence establishing that the amount in controversy requirement is met. *Id.*

11.     If a plaintiff challenges jurisdiction, a removing defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it," but simply has to show, by preponderance of the evidence, that the threshold is satisfied. *Thomas v. Family Dollar Stores of Fla., Inc.,* No. 8:17-cv-583, 2017 U.S. Dist. LEXIS 65963, at **3-4 (M.D. Fla. May 1, 2017) (denying plaintiff's motion to remand); *see also* 28 U.S.C. 1446(c)(2)(B).

12.     As stated in *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, *6; 2014 U.S. Dist. LEXIS 95412 (M.D. Fla. Jul. 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)), while courts should not permit wild speculation as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." A court "need not suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka,* 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. "When it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do

otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for 'employing the kinds of manipulative devices against which the Supreme Court has admonished [courts] to be vigilant.'" *Cowan*, No. 3:14-cv-261-J-34JRK at *7-8.

13. While Defendant denies Plaintiff's ultimate entitlement to any of the relief sought in the Complaint, the preponderance of the evidence, as reflected in Plaintiff's Complaint, establishes that removal is appropriate under the Court's diversity jurisdiction because the amount in controversy in this matter exceeds $75,000.

14. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and this case is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.

## **FILING OF REMOVAL PAPERS**

15. Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action will be promptly served to Plaintiff.

16. Concurrent with the filing of this Notice of Removal, Defendant will file a Notice of Filing the Notice of Removal, including a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and For Orange County, Florida. *See* Exhibit 3 (copy of notice of filing notice of removal).

17. The undersigned counsel is authorized by Defendant to file this Notice of Removal, is licensed to practice law in the state of Florida, and is a member in good standing of this Court.

18. Upon information and belief, the parties have entered into a binding arbitration agreement and Defendant does not waive its right to arbitrate by filing this notice of removal.

**WHEREFORE**, Defendant Napleton Orlando Imports, LLC, d/b/a Napleton Volkswagen of Orlando hereby removes the above-captioned action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

Date:  January 15, 2026	Respectfully submitted,

By: /s/*Charles S. Caulkins*
Charles S. Caulkins
Fla. Bar No.: 461946
ccaulkins@fisherphillips.com
Fisher & Phillips LLP
201 East Las Olas Blvd., Suite 1700
Fort Lauderdale, Florida 33301
Tel: (954) 525-4800

Benton N. Wood
Fla. Bar No. 957275
bwood@fisherphillips.com
Fisher & Phillips LLP
200 South Orange Ave., Suite 1100
Orlando, Florida 32801
Tel: (407) 541-0888

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on **January 15, 2026**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  */s/ Charles S. Caulkins*
Charles S. Caulkins
Fla. Bar No.: 461946
ccaulkins@fisherphillips.com
Fisher & Phillips LLP
201 East Las Olas Blvd., Suite 1700
Fort Lauderdale, Florida 33301
Tel: (954) 525-4800

Benton N. Wood
Fla. Bar No. 957275
bwood@fisherphillips.com
Fisher & Phillips LLP
200 South Orange Ave., Suite 1100
Orlando, Florida 32801
Tel: (407) 541-0888

*Attorneys for Defendant*

## SERVICE LIST

Gary D. Wilson, Esq.
WILSON MCCOY, P.A.
932 N. Maitland Ave.
Maitland, FL 32751
Tel: (407) 803-5400
gwilson@wilsonmccoylaw.com
rlopez@wilsonmccoylaw.com

*Attorney for Plaintiff*

*(via email)*

Charles S. Caulkins
Fla. Bar No.: 461946
ccaulkins@fisherphillips.com
Fisher & Phillips LLP
201 East Las Olas Blvd., Suite 1700
Fort Lauderdale, Florida 33301
Tel. (954) 525-4800

Benton N. Wood
Fla. Bar No. 957275
bwood@fisherphillips.com
Fisher & Phillips LLP
201 East Las Olas Blvd., Suite 1700
Fort Lauderdale, Florida 33301
Tel:(954) 525-4800

*Attorneys for Defendant*

*(via email)*