UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AL CHALASHTORI,

    Plaintiff,

v.                                                  Case No. 6:26-cv-104-JA-LHP

NAPLETON ORLANDO
IMPORTS, LLC,

    Defendant.
_____

### ORDER

    This case is before the Court on review of the Notice of Removal (Doc. 1) filed by Defendant.

    Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

    In the Notice of Removal (Doc. 1), Defendant bases subject-matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. But Defendant has not sufficiently alleged diversity jurisdiction.

First, Defendant has not properly identified Plaintiffs' citizenship. Defendant states merely that Plaintiff "is a resident of the State of Florida." (Doc. 1 ¶ 6). However, it is "domicile"—not merely "residence"—that determines an individual's citizenship for diversity purposes. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per curiam). Defendant's allegations of "residence" are not sufficient to establish Plaintiff's citizenship.

Second, Defendant's allegations regarding its own citizenship fare no better. Defendant states that it "is an Illinois Limited Liability Company with its primary place of business in Illinois." (Doc. 1 ¶ 7). But the citizenship of a limited liability company is determined by the citizenships of all of its members. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). And if any of those members are also limited liability companies, their citizenships must also be identified as part of the assessment of jurisdiction. *See, e.g., Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). The information Defendant provides in the Notice of Removal is not germane to its citizenship.

Finally, the Notice of Removal does not satisfactorily explain why the amount in controversy is satisfied here. Defendant notes Plaintiff's requests for back pay and for damages for emotional anguish, pain, and suffering, but neither the Notice or Removal nor the Complaint indicates what Plaintiff's past

2

earnings or rate of pay was before his termination. The Court will not speculate as to Plaintiff's lost pay, especially where he also had an ownership interest in the business, (*see* Compl. at 5 n.1).

Accordingly, it is **ORDERED** that **no later than January 26, 2026,** Defendant shall file an amended notice of removal that establishes that this Court has subject-matter jurisdiction over this case.

**DONE** and **ORDERED** in Orlando, Florida, on January 16, 2026.

                                                                        JOHN ANTOON II
                                                                        United States District Judge

Copies furnished to:
Counsel of Record